02D02-2308-PL-000343
Allen Superior Court 2

Filed: 8/15/2023 2:44 PM
Clerk
Allen County, Indiana
DW

USDC IN/ND case 1:23-cv-00374-HAB-SLC    document 3    filed 08/15/23    page 1 of 5

| STATE OF INDIANA | ) | IN THE ALLEN COUNTY SUPERIOR COURT |
| | )SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO.: |

| | |
|---|---|
| RAMONE SMITH, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| KAREN SMITH, an individual, | ) ) ) ) |
| HALLMARK CARDS, INC. an corporation, | ) ) ) ) |
| HALLMARK BENEFIT PLAN ADVISORY COMMITTEE an corporation, | ) ) ) ) ) |
| and | ) ) |
| STATE STREET BANK AND TRUST COMPANY, a company. | ) ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

Comes now, Plaintiff, RAMONE SMITH, through his undersigned counsel, hereby files this Complaint and sues KAREN SMITH, and individual, HALLMARK CARDS, INC., an incorporation, and HALLMARK CARDS, INC., HALLMARK BENEFIT PLAN ADVISORY COMMITTEE, an individual, STATE STREET BANK AND TRUST COMPANY and in support of his Complaint for Breach of Fiduciary Duty and Conversion alleges and states as follows:

## JURISDICTION AND PARTIES

1. Plaintiff, RAMONE SMITH (hereinafter "Mr. Smith"), is a resident of the State of Indiana in the Allen County.

2. Defendant, KAREN SMITH (hereinafter "Ms. K. Smith"), is a resident of the State of Ohio at 7268 Serenoa Drive, Columbus, Ohio, 43068.

3. Defendant, HALLMARK CARDS, INC, (hereinafter "Hallmark"), is a corporation with headquarters in the State of Missouri located at 2501 McGee Street Kansas City, Missouri 64108.

4. Defendant, HALLMARK BENEFIT PLAN ADVISORY COMMITTEE, (hereinafter "Hallmark Advisory Committee"), is a corporation in the State of Missouri located at 2501 McGee, Kansas City, Missouri 64108.

5. Defendant, STATE STREET BANK AND TRUST COMPANY (hereinafter "State Street") is a company in the State of Massachusetts with Hallmark Cards, Inc. as an agent for service of legal process at the address 2501 McGee, Kansas City, Missouri, 64108.

## BACKGROUND AND FACTS

6. Shirley Jean Smith (hereinafter "Mother"), mother of Mr. Smith and Ms. K. Smith held a Retirement Plan with Hallmark (the "Plan").

7. The Plan benefits are held in an irrevocable trust and administered by the plan trustee, State Street.

8. All the funds in the trust are invested by the trustee under the direction of the Hallmark Advisory Committee.

9. On or about September 8, 2012, Mother died.

10. Mr. Smith and Ms. K. Smith are the survivor beneficiaries of Mother's Plan benefit.

11. Mr. Smith has been denied access to disbursements from the Plan.

12. In July 2022, counsel for Mr. Smith wrote a letter to Hallmark and Hallmark Pension Center ("July 2022 Letter") demanding Hallmark and Hallmark Pension Centers provide immediate access to the funds from the Plan. **Exhibit A**.

13. In August 2022, the Plan Administrator responded to the July 2022 Letter ("Response to July 2022 Letter"). **Exhibit B**.

14. In the Response to July 2022 Letter, Hallmark reported its recorded show monthly payments of the Plan benefit payable to Mr. Smith were made to an Exchange National Bank and Trust ("Exchange Account").

15. According to the Response to July 2022 Letter, the Exchange Account was designated to receive the Plan benefit.

16. Mr. Smith never designated or otherwise authorized the Exchange Account to receive the Plan benefits to which he is entitled.

17. According to the Response to the July 2022 Letter, Ms. K. Smith's Plan benefits were also designated to receive the Plan benefits.

18. The Response to the July 2022 Letter goes on to state Ms. K. Smith designated the Exchange Account to receive the Plan benefits and Ms. K. Smith is authorized to access the Exchange Account.

19. In October 2022, the Plan Administrator wrote another letter to Mr. Smith to follow up on its Response to July 2022 Letter (October 2022 Letter). **Exhibit C**.

20. The October 2022 Letter stated the Plan's service provider attempted to reach out to Ms. K. Smith regarding the payments made to the Exchange Account and to determine if Mr.

Smith has access to the Exchange Account or if Ms. K. Smith received overpayment of her benefit.

21. In the October 2022 Letter, the Plan Administrator, a response had not been received from Ms. K. Smith.

22. Mr. Smith has never had access to the Exchange Account.

### COUNT I: BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS, HALLMARK BENEFIT PLAN ADVISORY COMMITTEE, HALLMARK CARDS, INC. and STATE STREET BANK AND TRUST COMPANY

23. Mr. Smith hereby incorporates by reference the allegations in paragraphs 1 though 22 as though fully set forth herein.

24. Hallmark Advisory Committee, Hallmark, and State Street (hereinafter together "Hallmark and Street Defendants") each have a fiduciary relationship with Mr. Smith.

25. Without Mr. Smith's authorization, Hallmark and State Street Defendants deposited Mr. Smith's Plan benefits into the Exchange Account to which he dies not have access.

26. As such, Hallmark and State Street Defendants breached their fiduciary duty to Mr. Smith.

27. As a result of Hallmark and State Street Defendant's breach of fiduciary duty to Mr. Smith, Mr. Smith has suffered damages in an amount to be proven by the evidence.

### COUNT II: CONVERSION AGAINST DEFENDANT, KAREN SMITH

28. Mr. Smith hereby incorporates by reference the allegations in paragraphs 1 though 27 as though fully set forth herein.

29. I.C. § 35-43-4-3 provides in relevant part that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion..."

30. Mr. Smith is entitled to Fifty Percent (50%) the Plan benefit.

31. Ms. K. Smith knowingly and intentionally designated the Exchange Account to receive Mr. Smith's Plan benefit.

32. Ms. K. Smith was not authorized to control Mr. Smith's Plan benefits.

33. Pursuant to I.C. § 35-43-4-3, Ms. K. Smith committed criminal conversion for which Mr. Smith has suffered pecuniary losses.

34. As such, Mr. Smith is entitled to recover under I.C. § 35-24-3-1 which allows for treble damages, attorneys, and costs.

35. As a result of Ms. K. Smith's conversion, Mr. Smith has suffered damages in an amount to be proven by the evidence.

WHEREFORE, Plaintiff, Ramone Smith prays for judgment against all Defendants jointly and severally including:

a. Treble damages up to three (3) times the amount of damages in an amount to be proven by the evidence;

b. Attorney's fees and costs; and

c. All other relief as just and proper.

Respectfully submitted,

_____
Jeffrey J. Jinks, Attorney ID #17058-49
JEFF JINKS LAW
450 E. 96th Street
Suite 500
Indianapolis, IN 46254
attorney@jeffjinkslaw.com
*Attorney for Plaintiff.*